UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID SCOTT HARLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:12-CV-535 |
| v. ) | (GUYTON) |
| ) | |
| DAVID RAY, ) | |
| CLAIBORNE COUNTY SHERIFF, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 13]. Now before the Court is David Scott Harlin's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1], (hereinafter "Petition"), filed on October 11, 2012, and David Ray's Motion to Dismiss [Doc. 9], filed on November 26, 2012. Having considered the parties' filings and the relevant legal authority, the Court finds that David Ray's Motion to Dismiss is **GRANTED**, and David Harlin's Petition is **DISMISSED**.

### I. BACKGROUND

Acting *pro se*, state prisoner David Scott Harlin ("Petitioner") filed the Petition pursuant to 28 U.S.C. § 2241.[1] The Petitioner alleges that he has not been receiving credit for time already

---
[1] The petition was originally styled as David Scott Harlin v. State of Tennessee. [Doc. 1]. Pursuant to the Court's Order [Doc. 8], filed on November 14, 2012, the State of Tennessee was dismissed as respondent and Sheriff David Ray was substituted.

1

served and for good behavior and that the jail facility is adding four hundred twenty-four (424) days to his original sentence.

On September 13, 2010, the Petitioner plead guilty to selling a Schedule III controlled substance and attempted aggravated domestic assault. [Docs. 10-1, 10-2]. The Petitioner was sentenced for two years for each conviction and was ordered to serve the sentences concurrently. [Id.]. It appears as though the Petitioner was released early but was later remanded back to the Tennessee Department of Correction ("TDOC") for violating his probation. [Doc. 10-3]. The Petitioner is currently incarcerated at the Claiborne County jail. [Doc. 1].

## II.     ANALYSIS

Respondent asserts that the Petition fails to state a cognizable claim. [Doc. 9 at 3]. In addition, the Respondent argues that the Petitioner failed to demonstrate that he exhausted his state remedies before seeking federal relief. [Id. at 4]. Because the Respondent presented only issues of law and not fact, the Court is not required to have an evidentiary hearing. See 28 U.S.C. § 2243.

### A.     Failure to State a Cognizable Claim

The Petitioner brought his claim pursuant to § 2241. Section § 2241(c)(3) provides that a federal court may grant a writ of habeas corpus only if the petition "is in custody in violation of the Constitution or laws or treaties of the United States." Courts have recognized that "violations of state law and procedure, which do not infringe specific federal constitution protections, are not cognizable." Grays v. Lafler, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008). "A prisoner has no right under the federal constitution to earn or receive sentencing credits." Id. (dismissing

petitioner's claim that the trial court violated his constitutional rights when it failed to award a sentence credit for time served).

A similar claim was made in Howard v. White, 76 F. App'x 52 (6th Cir. 2003). In Howard, a state prisoner filed a habeas corpus petition asserting that he was not given credit for time he was detained in jail prior to the imposition of his sentence. Id. at 52. The district court dismissed his petition stating that it was not "cognizable in this federal habeas corpus proceeding." Id. at 53. On appeal, the Sixth Circuit affirmed stating, "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." Id. (citing Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1998)).

Accordingly, the Court finds that because the Petitioner's claim involves a state law issue, it is not cognizable on federal habeas review. To the extent the Petitioner claims the Claiborne County jail is adding additional days to his original sentence, the claim is also dismissed as explained below.

### B. Exhaustion of State Remedies

Pursuant to § 2254(b)(1)(A), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."[2] "Comity . . .

---

[2] The petition was filed pursuant to 28 U.S.C. § 2241. Unlike § 2254, exhaustion under § 2241 is not a statutory requirement. However, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" Phillips v. Court of Common Pleas, 668 F.3d 804, 810 (6th Cir. 2012) (quoting United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976)) (other citations omitted); see also Greene v. Tenn. Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (stating that "when a prisoner begins in the district court, § 2252 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case."); Ward v. Howes, No. 08-13051, 2011 WL 4527786, at *8 (E.D. Mich. Sept. 29, 2011) ("The exhaustion requirement of section 2254 applies to 2241 petitions challenging the execution of a sentence, even though that statute does not mandate exhaustion by its own terms. And when a petitioner challenges his 'custody

3
Case 3:12-cv-00535 Document 14 Filed 02/21/13 Page 3 of 5 PageID #: 60

dictates that [a petitioner] use the State's established appellate review procedures before he presents his claims to a federal court." Bozsik v. Bradshaw, No. 1:03-cv-1625, 2010 WL 7702230, at *35 (N.D. Ohio June 4, 2010) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Recently, the Sixth Circuit made clear, "Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." Phillips v. Court of Common Pleas, 668 F.3d 804, 810 (6th Cir. 2012); see also Graham v. Snyder, 68 F. App'x 589, 590 (6th Cir. 2003) (dismissing prisoner's petition for failing to exhaust his administrative remedies).

In the present matter, the Court finds that the Petitioner has not exhausted his state remedies. The Petitioner states that he raised this issue with the Claiborne County jail facility and that he did not receive a response. [Doc. 1 at 2]. In addition, he states that he wrote TDOC three times and did not receive a response. [Doc. 1 at 2]. According to the Petition, he has not sought relief in any Tennessee state court. He must completely pursue his appeals to the Tennessee Court of Appeals before seeking federal habeas relief. Accordingly, the Petitioner has not exhausted his state remedies. See Anderson v. Haskins, 407 F.2d 399, 400-01 (6th Cir. 1969) (dismissing a petition filed pursuant to § 2241 because petitioner did not exhaust his remedies available in state court).

---

pursuant to a state court judgment,' then the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 . . . apply, regardless of how the petitioner characterizes his petition.") (Citations omitted).

## III. CONCLUSION

Having considered the parties' filings and the relevant legal authority, the Court finds the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [**Doc. 1**] is hereby **DISMISSED**, and the Respondent's Motion to Dismiss [**Doc. 9**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT